UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

Case No. 2:10-cr-20397

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

TEVIN BIVINS

(COMPASSIONATE RELEASE)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors

provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing

Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____

is reduced to _____. If this sentence is less than the amount of time

the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

        ☐      This order is stayed for up to fourteen days, for the verification of the

defendant's residence and/or establishment of a release plan, to make

appropriate travel arrangements, and to ensure the defendant's safe

release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ DENIED after complete review of the motion on the merits.

☑ FACTORS CONSIDERED (Optional)
See addendum.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

:

s/Terrence G. Berg
UNITED STATES DISTRICT JUDGE

Dated:  May 26, 2021

The Court has considered the question of whether Mr. Bivins has exhausted his administrative remedies. The Government takes the position that Mr. Bivins has not yet exhausted his administrative remedies because neither of Mr. Bivins's two administrative requests to BOP "explain the basis for his release." However, in reviewing Mr. Bivins's request, the Court finds that Mr. Bivins explains he has contracted Covid-19, has developed a home and safety plan, and fears the conditions in the prison will worsen with the arrival of the flu season. ECF No. 338-4, PageID.3623. This is sufficient to exhaust his administrative remedies—even if the precise reasons he relies upon before the Court are different from those he presented to the BOP. *See United States v. Dean*, No. 11-20195, 2020 WL 4251344, at *1 (E.D. Mich. July 24, 2020) (noting that some district courts "have been skeptical of the notion that the statute imposes any requirement of 'issue exhaustion' on requests for compassionate release. . . ."). Additionally, while the Court is not privy to the complete medical record that was presented to the warden, the only medical records submitted in this case are the medical records generated by the prison. Therefore, the prison was in a position to have all of the relevant medical records before them to know all of Mr. Bivins's health conditions when it made its decision. Accordingly, the Court finds that Mr. Bivins has exhausted his administrative remedies.

The Court next considers whether there are "extraordinary and compelling reasons" which justify release. The Government concedes that Mr. Bivins's medical condition of obesity is one which the CDC has confirmed increases the risk of complications from anyone who is infected with Covid-19. ECF No. 338, PageID.3603. *See Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://perma.cc/N8XL-V3RL (updated Mar. 29, 2021). Mr. Bivins also alleges that he is a pre-diabetic with high blood pressure and respiratory issues. He contends that he takes cloistral atorvastatin, lisinopril, and omeprazole to treat these conditions. ECF No. 361, PageID.3860. The Government contests these allegations, noting that Mr. Bivins's 2019 and 2020 medical records do not reflect these diagnoses or prescribed medications. ECF No. 338, PageID.3603-04. However, the Court need not resolve this conflict or make a finding regarding Mr. Bivins's other health issues because the Government has conceded he has "satisfied the first eligibility threshold." ECF No. 338, PageID.3603. Additionally, courts in this district have found—in line with the CDC guidance—that obesity in and of itself may constitute an extraordinary and compelling reason. *See United States v. Washington*, No. 18-cr-20390, 2021 WL 1526281, at *1 (E.D. Mich. Apr. 19, 2021).

The Court next turns to whether the 18 U.S.C. §3553(a) factors support release. Mr. Bivins pled guilty and was sentenced to 360 months in prison for one count of interference with commerce by robbery in

violation of 18 U.S.C. §1951(a), one count of use of a firearm during a crime of violence in violation of 18 U.S.C. §924(c) and one count of assault on an officer in violation of 18 U.S.C. §111. ECF No. 56. These violations occurred during a series of armed robberies of cell phone stores in 2010 that were carried out by an organized group that included Mr. Bivins. These offenses are no doubt serious in nature, indeed these charges are categorized as violent felonies. It is fortunate that no one was injured during the robberies, which would have made the conduct even more serious. It is also the case that Mr. Bivins was alleged to be the driver of the getaway cars rather than an armed participant for at least some of the robberies in question. Additionally, Mr. Bivins was only 19 years old at the time of the offense and accepted responsibility for his participation. ECF No. 227, PageID.2979. The Court also notes that, as much as his 30-year sentence may appear to be significant, Mr. Bivins was facing a much higher sentence—decades longer—but the government and his attorney reached an agreement to dismiss several counts of the indictment prior to sentencing. *Id.* at PageID.2988 (At sentencing, former Chief Judge Rosen remarked in addressing Mr. Bivins: "Without the government's motion to dismiss the additional what we call the 924(c) charges which are the gun charges, you would be facing an additional 50 years at least and as you've observed, probably what would amount to a life sentence."). And, another key factor weighing against release is that Mr. Bivins still has a substantial amount of time left on his sentence: At

the time of briefing, Mr. Bivins had only served approximately 34 percent of his full-term sentence and his projected release date was not until January 1, 2036. ECF No. 338, PageID.3588, 3610.

In addition to his age, the Court next considers Mr. Bivins's background including his previous criminal history and compliance when on probation or supervised release. While Mr. Bivins did have a criminal history prior to this sentence, it involved mostly juvenile charges and non-violent offenses. But, weighing in opposition to those facts, is a previous violation of probation which occurred in connection with a 2008 conviction. As outlined in the Pre-Sentence Report, while out on probation Mr. Bivins did not remain drug free, failed to seek and maintain employment, failed to complete community service, or provide proof of attendance at an education program.

Despite the violent and serious nature of the crimes, the Court takes note of the evidence submitted showing that Mr. Bivins has committed himself to rehabilitation since being incarcerated. In addition to taking a wide-range of educational classes and programming, Mr. Bivins has earned his GED. ECF No. 331, PageID.3567. He has also participated in mentoring programs for other individuals that were sentenced as juveniles. ECF No. 331, PageID.3570. Mr. Bivins worked in a variety of jobs during his period of incarceration and received quite positive reviews from his work supervisors. One of his supervisors in the Education Department made particular note of Mr. Bivins's positive

attitude and the fact that he is highly motivated. ECF No. 331, PageID.3568. At the same time, Mr. Bivins has received three disciplinary infractions since being incarcerated, two for "being in an unauthorized area" and the third, for "possessing a hazardous tool," the most recent, which occurred nearly three years ago. ECF No. 338-10, PageID.3633. While the information provided to the Court categorizes Mr. Bivins as having a "high risk" of recidivism, Mr. Bivins contends— and there is some independent support for the argument—that this assessment is not up to date because the unit he is currently assigned to is without a case a manager and there is evidence that Mr. Bivins has taken a variety of classes after the date of the submitted risk assessment. ECF No. 338-4, PageID.3623; ECF No. 331, PageID.3567-68.

Mr. Bivins also appears to have a supportive community outside of prison. The home and safety plan he submitted to this Court includes employment opportunities and references to continued involvement in community programs. ECF No. 331, PageID.3562-65. Further, both of Mr. Bivins's parents have written in support of his release and detailed how they would assist their son in the transition home. ECF No. 331, PageID.3571.

As to the conditions in the place where Mr. Bivins is confined, FCI Greenville, as of April 18, 2021 there were zero active Covid-19 cases amongst individuals incarcerated and the facility has had zero Covid-19 deaths. *See Dashboards of BOP COVID-19 Cases*, OFFICE OF THE

INSPECTOR GENERAL, https://perma.cc/83TS-WCPE. The facility did have 14 active cases among the staff. Despite the current low numbers, the Court has ongoing concerns about how BOP facilities are responding to the Covid-19 pandemic. There have been 707 cases of Covid-19 amongst those incarcerated at FCI Greenville, which raises concerns about how the facility was able to manage and contain the spread of infection. *Id.* In his own motion, Mr. Bivins claims that he is housed in open quarters where he must share access to all showers, toilets, and sinks—making social distancing effectively impossible. ECF No. 361, PageID.3861. Mr. Bivins also alleges that he does not have access to proper hygienic materials, including sanitizer, gloves, or masks. These concerns are valid, and the Court must reiterate that it remains the obligation of the BOP to ensure that all inmates are housed in conditions that genuinely reduce the risk of exposure to the virus—including by following and rigorously implementing CDC guidelines—and providing vaccines to those incarcerated as soon as possible.

While there are a variety of factors to be weighed, the Court finds that one of the most important considerations here is that Mr. Bivins has already contracted and recovered from Covid-19. Mr. Bivins tested positive for Covid-19 on August 26, 2020. ECF No. 340, PageID.3675. ECF No. 331, PageID.3559. According to the medical records, Mr. Bivins received daily temperature checks and symptom screening for 21 days. Consistent with the medical records provided, the Government contends

that Mr. Bivins was asymptomatic, his daily temperature checks were within the acceptable range, and he did not seek any additional medical treatment since recovering from Covid-19. ECF No. 338, PageID.3602. Mr. Bivins does not provide allegations or evidence to the contrary. The fact that Mr. Bivins was infected with Covid-19, experienced relatively mild or no symptoms at all, and recovered without severe complications mitigates the concern that he could be at risk of severe illness if he was re-infected. *See United States v. Sims*, No. 90-80492, 2021 WL 872218, at *3 (E.D. Mich. Mar. 9, 2021) ("The circumstances here contrast with the rare instances where inmates have been released after contracting and recovering from the coronavirus, because, although they had survived, they had suffered grave symptoms and required extensive, exotic therapies, which aggravated rather than mitigated the assessment of their prospective risk in case of a reinfection.").

On balance, while the Court acknowledges Mr. Bivins's risk factors, commends his impressive rehabilitation efforts, and takes note of his young age at the time of the offense, when considering the lack of cases amongst those incarcerated at FCI Greensville, the fact that he already contracted and recovered from Covid-19 without complications, the substantial amount of time left on his sentence, and all of the § 3553 factors evaluated above, particularly the dangerousness of the offense, the Court finds that granting compassionate release would not be justified under the statute.

In some respects, this is a close call and a difficult decision, largely because the defendant was so young at the time of the offense and because he has served a significant period of incarceration. As it has done in previous orders, the Court once again acknowledges that those incarcerated are unable to control their environment and remain at the mercy of BOP and prison staff to ensure the appropriate health and safety measures are being taken. The Court also acknowledges the legitimate stress and anxiety that the COVID-19 pandemic is causing and how those incarcerated are uniquely at risk. *See COVID-19 Cases and Deaths in Federal and State Prisons Significantly Higher Than in U.S. Population*, JOHNS HOPKINS BLOOMBERG SCHOOL OF PUBLIC HEALTH, https://perma.cc/V6SU-XC7Q (July 8, 2020) (Summarizing analysis by researchers that found "that the number of U.S. prison residents who tested positive for COVID-19 was 5.5 times higher than the general U.S. population."). However, considering the case law in this district and the factors before it, on balance the Court is unable to find that the risk to Mr. Bivins in custody under the current circumstances is so severe as to justify release.