UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:10-cr-20397 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| TEVIN BIVINS | (COMPASSIONATE RELEASE) |

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

　　☐ Time served.

If the defendant's sentence is reduced to time served:

　　　　☐　This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

  a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

 ☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ DENIED after complete review of the motion on the merits.

☑ FACTORS CONSIDERED (Optional)
See addendum.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

    IT IS SO ORDERED.

:

                                    s/Terrence G. Berg
                                    UNITED STATES DISTRICT JUDGE

Dated:   November 8, 2022

This is the second motion for compassionate release filed in the last two years by Mr. Bivins. Bivins's first motion was denied on May 28, 2021. This second motion does not present additional grounds for release, and will be denied. Mr. Bivins has also moved for reconsideration of the Court's Order denying his first compassionate release petition. That motion will also be denied.

In its prior order, the Court concluded that, while Mr. Bivins satisfied the eligibility threshold for release due to increased COVID-19-related risks because he suffered from obesity, the factors outlined in 18 U.S.C. § 3553(a) weighed against release. Prior Order, ECF No. 367, PageID.3905.

The Court explained that Mr. Bivins participated in a number of armed robberies of cell phone stores in 2010. *Id.* at PageID.3906. The Court noted that Mr. Bivins had served just a third of his sentence, that he had previously violated probation, and that he was categorized as being at "high risk" of recidivism. *Id.* at 3906-8.

Balancing these factors, the Court concluded that release would not be appropriate, but acknowledged that the case was a "close call." *Id.* at PageID.3911. A key consideration in the Court's decision was that Mr. Bivins had already contracted and recovered from COVID-19, apparently without symptoms or any additional needed medical treatment. *Id.* at PageID.3910.[1]

Mr. Bivins has filed a motion for reconsideration (ECF No. 379), in which he asks the Court to reconsider its previous denial of his prior motion for compassionate release. Local Rule 7.1(h) provides that a

---

[1] Even if Mr. Bivins had not already contracted and recovered from COVID-19, release would still not be warranted, as the COVID-19 vaccine is now widely available. As the Sixth Circuit has explained, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)

motion for reconsideration may be granted where a party shows that "(A) [t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision; (B) [a]n intervening change in controlling law warrants a different outcome; or (C) [n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. L.R. 7.1(h).

Mr. Bivins does not identify a mistake, a change in controlling law, or new facts that would compel a different result. Instead, his motion for reconsideration simply raises again the arguments he made in his original motion for release. Accordingly, Mr. Bivins's motion for reconsideration will be denied. *See Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Sch.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018) ("Old arguments re-presented will not justify reconsideration.").

Mr. Bivins's second motion for compassionate release does arguably raise one new point: that he has received his certification as a Drug Counselor, completed several other programs, and maintained steady and apparently successful employment while incarcerated. While these efforts are commendable, similar facts were before the Court when it denied Mr. Bivins's prior motion. *See* ECF No. 367, PageID.3907-8, 3910 (noting Mr. Bivins's rehabilitative efforts).

Having considered the record before it, the Court concludes that Mr. Bivins has not shown extraordinary and compelling reasons justifying his release. Fundamentally, the underlying facts surrounding his conviction and continued rehabilitation remain as they were when the Court denied Mr. Bivins' prior motion for compassionate release just a year ago, and analysis of whether the 18 U.S.C. 3553(a) factors support release results in the same conclusion: that release is not warranted. Having considered all of the relevant factors, early release is not appropriate.