UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>　　　　Plaintiff,<br>vs.<br>**TEVIN BIVINS,**<br>　　　　Defendant. | **2:10-CR-20397-TGB-VMM-4**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING TEVIN BIVINS' MOTION FOR COMPASSIONATE RELEASE<br>(ECF NO. 470)**<br><br>**AND DENYING AS MOOT THE GOVERNMENT'S MOTION TO STAY<br>(ECF NO. 471)** |

Tevin Bivins participated in a string of armed robberies of cell phones in 2010. ECF No. 367, PageID.3906. Following his guilty plea, the Court sentenced him to 360 months in prison. *Id.* at PageID.3905. This was a significantly lower sentence than Bivins could have received, as the government dismissed charges against Bivins which could have resulted in his receiving an additional fifty years added to his sentence. *Id.* at PageID.3906. Bivins filed two prior Motions for Compassionate Release which the Court denied due to the severity of his crimes and the fact that he still has a substantial amount of time left on his sentence. ECF Nos. 367; 396.

Now, Bivins moves again for compassionate release. ECF No. 470. Bivins relies upon USSG § 1B1.13(b)(6), a sentencing guideline that addressed the situation where a defendant receives an "unusually long sentence," has successfully served 10 years of that sentence, and where a change in the law produces a gross disparity between the defendant's sentence and that which would be imposed after the change in the law. ECF No. 470, PageID.4673-74. Bivins argues that if he were sentenced under current law, his sentence would be sixteen years shorter than it is now. *Id.*

Unfortunately for Bivins, however, since the filing of Bivins' Motion, the United States Court of Appeals for the Sixth Circuit has invalidated USSG § 1B1.13(b)(6). *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025). The Court of Appeals found that USSG § 1B1.13(b)(6) impermissibly instructed courts to apply nonretroactive changes in the law retroactively. *Id.* at 442-43. This Court must faithfully apply the decisions of the Sixth Circuit. Because USSG § 1B1.13(b)(6) no longer has effect, and since the Court's reasons for denying Bivins compassionate release in the past remain unchanged (severity of crimes, significant time left in sentence), Bivins' Motion for Compassionate Release, ECF No. 470, must be, and is hereby, **DENIED**. The Government's Motion to Stay, ECF No. 471, which asked the Court to wait for the Sixth Circuit's decision in *Bricker*, is also **DENIED** as moot.

**SO ORDERED.**

Dated: August 22, 2025  /s/Terrence G. Berg
  ──────────────────────────
  HON. TERRENCE G. BERG
  UNITED STATES DISTRICT JUDGE